# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Leon Allen Bryant, | ) |
|                Petitioner, | ) CV 08-0831 PHX-DGC (JM) |
| v. | ) **ORDER** |
| Dora B. Schriro, | ) |
|                Respondent. | ) |

Pending before the Court is Petitioner Leon Allen Bryant's Petition for Writ of Habeas Corpus [Docket No. 1]. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. Respondent filed her answer on August 12, 2008 [Docket No. 10]. Petitioner did not file a reply. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On September 16, 2002, the State filed an indictment in Maricopa County Superior Court charging Petitioner with two counts of armed robbery, a class 2 dangerous felony; two counts of kidnaping, a class 2 dangerous felony; and one count of misconduct involving weapons, a class 4 felony. (Exhibit B).[1] On April 10, 2003, Petitioner pled guilty to two counts of armed robbery, both class 2 dangerous felonies. (Ex. C.) In exchange for

---

[1] Unless otherwise noted, all referenced exhibits are those attached to Respondent's Answer to Petition for Write of Habeas Corpus.

1  Petitioner's guilty plea, the State agreed to dismiss Counts 3 through 5 of the indictment, to
2  refrain from alleging Petitioner's prior felony conviction to enhance his sentence; to
3  recommend a sentence not to exceed 15 years; and to refrain from filing charges in an
4  unrelated aggravated assault case. (*Id.*)

5  On April 10, 2003, the Maricopa County Superior Court accepted Petitioner's guilty
6  plea. (Ex. D.) On June 13, 2003, the court sentenced Petitioner on Count 1 to an aggravated
7  sentence of 14 years' imprisonment, and on Count 2 to a presumptive sentence of 14 years'
8  imprisonment. The sentences were ordered to run concurrently. (Ex. E.) The trial court
9  found both counts to be dangerous, but non-repetitive. (*Id.*) The court gave Petitioner credit
10 for 297 days of presentence incarceration. (*Id.*) The trial court granted the State's motion
11 to dismiss Counts 3 through 5 of the indictment and the allegation of Petitioner's prior felony
12 conviction. (*Id.*)

13 **A.    First Petition for Post-Conviction Relief**

14 On August 5, 2003, Petitioner filed his first notice of Post-Conviction Relief ("First
15 PCR") in the Maricopa County Superior Court. (Ex. F.) On September 24, 2003, Petitioner
16 filed a motion to dismiss his first Petition for Post-Conviction Relief. (Ex. G.) The Maricopa
17 County Superior Court dismissed Petitioner's First PCR petition on September 26, 2003.
18 (Ex. H.)

19 **B.    Second Petition for Post-Conviction Relief**

20 Nearly a year after the dismissal of his First PCR petition, on September 20, 2004,
21 Petitioner filed a second notice of Post-Conviction Relief ("Second PCR") in the Maricopa
22 County Superior Court. (Ex. I.) Citing *Blakely v. Washington*, 542 U.S. 296 (2004), he
23 claimed the trial court unconstitutionally imposed the aggravated sentence because it used
24 findings that had not been determined by a jury beyond a reasonable doubt. (*Id.*) On
25 September 21, 2004, the day after the Second PCR was filed, the trial court dismissed the
26 petition after concluding that it was untimely filed and that *Blakely* did not apply
27 retroactively to Petitioner's convictions, which the court concluded became final after
28

1  Petitioner did not appeal the September 26, 2003, dismissal based on Petitioner's motion to
2  dismiss. (Ex. J.) In his Petition for Writ of Habeas Corpus, Petitioner indicates that he
3  appealed the dismissal to the Arizona Court of Appeals, however, he did not attach anything
4  evidencing this assertion and Respondents indicate that they were unable to locate any
5  records reflecting an appeal was taken.

### C. Third Petition for Post-Conviction Relief

On October 20, 2005, Petitioner filed a third untimely Notice of Post-Conviction Relief ("Third PCR"). (Ex. K.) Petitioner again claimed that under *Blakely* he was entitled to have a jury determine aggravating factors for his sentence. (*Id.*) Petitioner also added two claims. He claimed that the State violated its plea agreement with him by alleging aggravating factors at sentencing that encompassed his behavior in the dismissed counts from his indictment, Counts 3 through 5. (*Id.*) He also claimed that the State violated the agreement by alleging his prior felony conviction as an aggravating factor. (*Id.*) After noting that the Third PCR was untimely filed, the trial court recognized that Petitioner had raised the same *Blakely* claim in the Second PCR, and dismissed the Third PCR. (Ex. L.)

Petitioner then filed a petition for review in the Maricopa County Superior Court on December 29, 2005, which was transmitted to the Arizona Court of Appeals, where it was filed on January 3, 2006. (Ex. M.) On January 19, 2006, the Arizona court of Appeals dismissed the petition as untimely, explaining:

> A review of the record in this matter indicates that the trial court dismissed the petition for post-conviction relief on November 11, 2005, and the petition for review was not filed until December 29, 2005. The petition for review was not filed within 30 days of the trial court's final decision disposing of the petition for post-conviction relief proceedings. *See* Rule 32.9(c), Ariz. R. Crim. P. A petitioner who seeks appellate court review of the actions of the trial court must file a petition within 30 days after the final decision of the trial court. Whether petitioner was without fault for the untimely filing is a question of fact. The trial court may, "after being presented with proper evidence, allow a late filing" if it find that petitioner was not responsible for the untimely filing. *See State v. Pope*, 130 Ariz. 253, 255, 635 P.2d 846, 848 (1981). Because the petition in this matter was untimely,   IT IS ORDERED dismissing this matter.

(Ex. N.)

Subsequently, on September 14, 2006, Petitioner filed a Motion for Leave to File a Late Petition for Review in the Maricopa County Superior Court. (Ex. O.) Petitioner explained that, previous to incarceration, he had a limited understanding of the law and had relied on his attorney to protect his rights. He claimed he was denied legal access because the prison library had been closed for two weeks and was therefore not responsible for the untimely filing. (*Id.*) The Superior Court denied the request after finding "[n]o good cause appearing." (Ex. P.)

On December 7, 2006, after the trial court denied his Motion for Leave to File a Late Petition for Review, Petitioner filed a Motion to Accept Jurisdiction/Petition for Review in the Arizona Court of Appeals. (Ex. Q.) On December 19, 2006, the Court of Appeals dismissed Appellant's Petition for Review as untimely. (Ex. R.)

### D. **Fourth Petitioner for Post-Conviction Relief**

On January 19, 2007, Petitioner filed a fourth Notice of Post-Conviction Relief ("Fourth PCR"), again claiming that his Sixth Amendment rights were violated "by the imposition of an enhanced sentence of 14 years based on the sentencing judge's determination of the facts that was [sic] not found by a jury or admitted by the defendant." (Ex. S.) Petitioner further claimed the at "A.R.S. 13-702 is unconstitutional," and that aggravating his sentence under that statute was "unconstitutional and void, invalid, and nulity [sic], as if it never happen [sic]." (*Id.*)

On January 31, 2007, the trial court dismissed Petitioner's Fourth PCR as untimely, stating:

> Defendant again claims that his Sixth Amendment rights were violated because the court rather than a jury determined the aggravating factors used to aggravate his sentence. This is the same *Blakely v. Washington*, 542 U.S. 296 (2004), claim that he has raised twice before. The court denied that claim on September 21, 2004, and again on November 10, 2005, finding that *Blakely* did not apply retroactively to defendant because his conviction was final before *Blakely* was decided.

(Ex. T.) Petitioner petitioned for review in the Arizona Court of Appeals, and the court

denied review on November 8, 2007. (Ex. U.) Petitioner then petitioned for review in the Arizona Supreme Court. (Ex. V.) The court, without comment, denied review on April 1, 2008. (Ex. W.)

### E. The Pending 2254 Petition

On May 2, 2008, Petitioner filed the instant habeas petition, which alleges the following bases for relief:

> **Ground One:** Violation of Due Process Claus of the Fourteenth Amendment [because:]
>
> 1. State violated plea agreement. Plea agreement stipulated that no prior felony would be alleged, but the judge used a prior felony to aggravate Petitioner's sentence.
>
> 2. Elements of charges dismissed pursuant to plea agreement were used as aggravating factors.
>
> 3. Petitioner's sentence exceeds that authorized by law.
>
> **Ground Two:** Violation of Sixth Amendment right to have jury decide aggravation factors [because:]
>
> 1. The judge abused his discretion in determining aggravation factors that were not proven beyond a reasonable doubt.
>
> 2. A jury was not formed to decide aggravation factors and no waiver of that right was signed by Petitioner.
>
> 3. Elements of charges dismissed pursuant to the plea agreement were used as aggravating factors during sentencing, denying Petitioner the right to have those elements proven beyond a reasonable doubt.
>
> **Ground Three:** Violation of the Fifth Amendment right of confrontation [because:]
>
> 1. Trial court's decision to aggravate Petitioner's sentence using untried allegations that were dismissed pursuant to plea agreement.

*Petition*, pp. 5-8.

## II. LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitation on state prisoners seeking federal habeas relief from their state convictions. *See Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). The statutory tolling

provisions of AEDPA provide that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). *See also Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008).

Petitioner's conviction and sentence became final on September 30, 2003, the date on which the Maricopa County Superior Court, at Petitioner's request, dismissed his First PCR. Even if Petitioner illogically (because he voluntarily dismissed his First PCR) is credited with an additional 30 days pursuant Rule 32.9(c), Ariz. R. Crim. P., for the filing of an appeal, his conviction was final on October 30, 2003. Accordingly, the one-year state of limitations on Petitioner's federal habeas action expired at the latest on October 30, 2004, unless it was subject to tolling by any pending action for state post-conviction relief. *See Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir. 2001).

Petitioner did not have any action for post-conviction relief pending in the state courts from October 30, 2003, through September 20, 2004. As described above, however, Petitioner did pursue three additional post-conviction relief proceedings after his First PCR was dismissed. Petitioner filed his Second PCR on September 20, 2004, but the trial court dismissed that petition the following day after concluding that it was untimely filed and that *Blakely* did not apply retroactively to Petitioner's convictions. (Ex. J.) Petitioner, who did not file a reply to the Respondent's answer, has not challenged either of the trial court's conclusions. More important, it is very doubtful he could.

When Petitioner filed his Second PCR, the time for filing a Rule 32 of-right proceeding had long expired. *See* Rule 32.4(a), Ariz. R. Crim. P. ("notice must be filed within ninety days afer the entry of judgment and sentence . . . ."). Additionally, reliance on *Blakely* did nothing to revive his claims. As the state court concluded, the United States Supreme Court has not made *Blakely* retroactive to cases on collateral review. *See Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005. *See also Tyler v. Cain*, 533 U.S. 656, 662 (2001) (a new rule is "made retroactive to cases on collateral review" only if the Supreme

6

1 Court so holds). Accordingly, Petitioner's Second PCR was, as the state court found, untimely and not subject to an exception to the States' timeliness requirements. Not being properly filed, it did not serve to toll the statute of limitations for his federal habeas petition and the time for doing so thus expired, at the latest, on October 30, 2004.

Petitioner filed his Third PCR petition on October 20, 2005, and his Fourth PCR petition on January 19, 2007. However, like his Second PCR petition, the later petitions were dismissed as untimely and raised *Blakely* claims that had already been addressed and dismissed by the state court. Thus, those petitions did nothing to toll or revive the limitations period as they were not "properly filed," *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), and the untimeliness of the instant petition is unaffected.

**C.    Equitable Tolling**

The Ninth Circuit has recognized that the AEDPA's statute of limitations is subject to equitable tolling. *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). Equitable tolling is applicable only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (*en banc*). Equitable tolling is justified in few cases: "the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling requires a petitioner to show that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418. Petitioner carries the burden of showing this exclusion should apply to him. *Id.* Further, he must prove the alleged extraordinary circumstance was the but-for and proximate cause of his untimeliness. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001).

Here, Petitioner did not challenge Respondent's assertion that his habeas petition was not timely filed and also has not identified any potential basis of equitable tolling. The only potential argument that can be found in the record is in Petitioner's Third PCR petition where

7

he indicates that he did not have access to the library and therefore could not file his petition. By that time, however, the limitations period for filing a federal habeas petition had long since expired. As such, Petitioner is not entitled to statutory or equitable tolling and his habeas petition must be dismissed because it is time-barred.

**III.     RECOMMENDATION**

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, **DISMISS WITH PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus filed May 2, 2008 [Docket No. 1].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(a) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 08-831-PHX-DGC**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 19th day of March, 2009.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge