**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Leon Allen Bryant, ) No. CV-08-831-PHX-DGC (JJM)
)
    Petitioner, ) **ORDER**
)
vs. )
)
Charles J. Ryan, et al., )
)
    Respondents. )
)

On April 10, 2003, Petitioner Bryant pled guilty in Maricopa County Superior Court to two counts of armed robbery, both class 2 dangerous felonies. Dkt. #10-2 at Ex. C. The court accepted the guilty plea and, on June 13, 2003, sentenced Petitioner to 14 years' imprisonment. *Id.* at Ex. D-E. Petitioner's conviction became final on October 30, 2003, at the latest, after time expired for him to appeal the dismissal of his first state petition for post-conviction relief ("PCR"). Dkt. #1 at 4; Dkt. #12 at 6.

On May 2, 2008, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. #1.[1] Petitioner's habeas claim alleges that the sentencing procedures and the sentence imposed by the Maricopa County Superior Court violated the Due Process Clause of the Fourteenth Amendment, the Sixth Amendment right to have a jury determine

---

[1] Petitioner originally filed this habeas petition against Dora Schriro, then director of the Arizona Department of Corrections ("ADOC"), and against the Attorney General of Arizona. Dkt. #1 at 1. On January 30, 2009, Charles Ryan became interim director of the ADOC, succeeding Ms. Schriro. Mr. Ryan has been automatically substituted as a Respondent. *See* Fed. R. Civ. P. 25(d).

aggravation factors, and the Fifth Amendment right of confrontation. Dkt. #1 at 5-8. United States Magistrate Judge Jacqueline Marshall issued a report and recommendation ("R&R") recommending that the Court dismiss the petition with prejudice. Dkt. #12. Petitioner has filed objections to the R&R (Dkt. #15) and Respondents have filed a response (Dkt. #16). For the following reasons, the Court will accept the R&R and deny the habeas petition.

## I. Petitioner's General Objection.

Petitioner first objects generally to "all factual and legal determinations . . . and findings of fact, and conclusion[s] of law" in the R&R. Dkt. #15 at 2. He also restates the grounds for relief asserted in his habeas petition as an "objection" to the R&R. *Id.* at 3. Merely reasserting the grounds of the petition as an objection provides this Court with no guidance as to what portions of the R&R Petitioner considers to be incorrect.

The Court will deem Petitioner's general objection ineffective. This ruling comports with the clear language of Rule 72(b) that a district judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which *specific written objection* has been made[.]" Fed. R. Civ. P. 72(b)(2) (emphasis added); *see Sullivan v. Schriro*, No. CV-04-1517, 2006 WL 1516005 (D. Ariz. May 30, 2006). The Court is relieved of any obligation to review a general objection to the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that no review at all is required for "any issue that is not the subject of an objection."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same).

## II. Petitioner's Specific Objections.

The federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 *et seq.*, applies to this case because Petitioner's federal habeas petition was filed after the AEDPA's effective date. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 (9th Cir. 2003). The "AEDPA imposes a one-year statute of limitation on habeas corpus petitions filed by state prisoners in federal court." *Id.* (citing 28 U.S.C. § 2244(d)(1)). The limitation period generally begins to run when the state conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review[.]"

28 U.S.C. § 2244(d)(1)(A); *see White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) ("Under the AEDPA . . . a state prisoner must file his federal habeas corpus petition within one year of the date his state conviction became final."). The Ninth Circuit has found that, for criminal defendants who plead guilty in Arizona state courts, of-right state PCR proceedings under Rule 32 of the Arizona Rules of Criminal Procedure are "direct review." *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). A conviction based on such a guilty plea therefore becomes final at "the conclusion of the Rule 32 of-right proceeding and review . . . or [at] the expiration of the time for seeking such proceeding or review." *Id.*

Petitioner's conviction became final on October 30, 2003. Dkt. #12 at 6. Petitioner filed his habeas petition on May 2, 2008, some three and one-half years late. The petition is untimely unless Petitioner is entitled to statutory or equitable tolling of the AEDPA's one-year limitation period. 28 U.S.C. § 2244(d)(2); *see Townsend v. Knowles*, 562 F.3d 1200, 1204-05 (9th Cir. 2009). The R&R found that Petitioner was not entitled to statutory tolling of the limitation period and that Petitioner "ha[d] not identified any potential basis of equitable tolling." Doc. #12 at 5-8. Petitioner's objections allege that both statutory and equitable tolling are appropriate. Dkt. #15. Since Petitioner is proceeding pro se, the Court will construe his objections liberally. *See Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) (stating that courts must "construe pro se habeas filings liberally"); *Belgarde v. Montana*, 123 F.3d 1210, 1213 (9th Cir. 1997) ("We construe a pro se litigant's habeas petition with deference.") (citing *Maleng v. Cook*, 490 U.S. 488, 493 (1989)).

**A.     Statutory Tolling.**

The one-year limitation period is statutorily tolled during any time in which a "properly filed" state petition for post-conviction relief is pending before the state court. 28 U.S.C. § 2244(d)(2); *see Corjasso v. Ayers*, 278 F.3d 874, 879 (9th Cir. 2002) ("[B]y its plain terms § 2244(d)(2) requires tolling during the pendency of a properly-filed [sic] state petition."). A state petition "is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" in state court. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). In *Pace v. DiGuglielmo*,

544 U.S. 408 (2005), the United States Supreme Court held that "time limits, no matter their form, are 'filing' conditions," so a state PCR petition rejected as untimely is not "properly filed" for purposes of statutory tolling under Section 2244(d)(2). *Id.* at 417; *see Allen v. Siebert*, 128 S.Ct. 2, 4 (2007) (reaffirming that untimely state PCR petitions are not properly filed); *accord Bonner v. Carey*, 425 F.3d 1145, 1148-49 (9th Cir. 2005) (finding that a state PCR petition dismissed as untimely was not "properly filed," despite statutory exceptions to the state's timely filing requirement and despite the dismissing court's alternative rationale for dismissal on the merits).

Petitioner's objection states that it is "illogical for a state to permit late filings for post[-]conviction relief, such as that filed by Petitioner, without the due process protection of appellate review in the event that the trial court or state appellate courts render an improper ruling." Dkt. #15 at 5. Construed liberally, this seems to be an objection to the R&R's denial of statutory tolling for Petitioner's second, third, and fourth state PCR petitions. Petitioner does not argue that these PCR petitions were timely filed; instead, he seems to argue that the AEDPA statute of limitations should be tolled even though the state petitions were dismissed as untimely. *Id.* Under *Pace* and *Bonner*, however, state petitions dismissed as untimely are not "properly filed" so as to merit statutory tolling. *Pace*, 544 U.S. at 417; *Bonner*, 425 F.3d at 1149. This is so even if a state allows certain exceptions to the timely filing requirement. *See Bonner*, 425 F.3d at 1148 ("The fact that [a state] provides exceptions to its timely filing requirement does not 'prevent a late application from being considered improperly filed.'") (citing *Pace*, 544 U.S. at 413). Petitioner's second, third, and fourth state PCR petitions were dismissed as untimely. Dkt. #10-2 at Ex. J; Dkt. #10-3 at Ex. N, T. As such, they are not "properly filed" for purposes of Section 2244(d)(2) and will not operate to toll the AEDPA's one-year statute of limitations.[2]

---

[2]It is worth noting that even under the Ninth Circuit's pre-*Pace* standard for statutory tolling as described in *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001), the AEDPA's limitations period would have expired well before Petitioner's federal habeas filing. Under the *Dictado* rule, a state PCR petition was "properly filed" and tolled the

## B. Equitable Tolling.

The Ninth Circuit has recognized that the AEDPA's limitation period may be subject to equitable tolling. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998). However, equitable tolling is not available in most cases. "Indeed, 'the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation and alteration omitted). To justify equitable tolling, Petitioner bears the burden of showing that "despite diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing." *Townsend*, 562 F.3d at 1205; *see Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).[3]

---

AEDPA limitation period while the petition was pending in state courts, even if the state court later dismissed the PCR petition as untimely. *See Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008). In Petitioner's case, his second PCR petition was filed within the AEDPA's one-year limitation period, but was dismissed the following day. Dkt. #10-2 at Ex. I-J. There is no evidence suggesting that Petitioner appealed this dismissal. *See* Dkt. #12 at 3. Tolling the statute of limitations during the two-day period the petition was pending before the trial court and during the thirty-day period during which Petitioner could have appealed the decision (pursuant to Ariz. R. Crim. P. 32.9(c)) would result in expiration of the one-year limitation on December 1, 2004, instead of October 30, 2004. In either case, the AEDPA period of limitations had expired almost a year before Petitioner filed his third state PCR petition on October 20, 2005, and over three years before Petitioner filed the instant habeas petition. Dkt. #10-2 at Ex. K; Dkt. 1.

[3]Respondents' Answer to the habeas petition asserts that, under *Bowles v. Russell*, 551 U.S. ---, 127 S.Ct. 2360 (2007), the AEDPA statute of limitations is not subject to equitable tolling. Dkt. #10 at 9. The Supreme Court held in *Bowles* "that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" and that courts have "no authority to create equitable exceptions to jurisdictional requirements." 127 S.Ct. at 2366. *Bowles* did not, however, address whether the AEDPA limitation period under 28 U.S.C. § 2244 is jurisdictional or whether that time limit is subject to equitable tolling. *Id.* at 2361-67. The Ninth Circuit has continued to apply equitable tolling to the AEDPA's one-year limitation period after *Bowles*. *Harris v. Carter*, 515 F.3d 1051 (9th Cir. 2008); *accord Coker v. Quarterman*, 270 F. App'x 305, 308 n. 1 (5th Cir. Mar. 17, 2008) (expressly holding that equitable tolling of the AEDPA's limitation period survives *Bowles*); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (same). The Court will accordingly assume that equitable tolling is possible and will address Petitioner's objections.

Petitioner's objection raises three possible grounds for equitable tolling: (1) lack of a law library and legal resources in the ADOC, (2) Petitioner's lack of counsel, and (3) the prison's lack of reference materials concerning the AEDPA until 2002. Dkt. #15 at 2, 5. The R&R found that Petitioner was not entitled to equitable tolling because Petitioner "ha[d] not identified any potential basis of equitable tolling." Dkt. #12 at 7. Indeed, Petitioner presents these arguments for the first time in his objection, despite having had a prior opportunity to do so in the habeas petition itself. *See* Dkt. #1 at 11. The Ninth Circuit has held "'categorically that an unsuccessful party is not entitled as of right to *de novo* review by the [district] judge of an argument never seasonably raised before the magistrate.'" *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (citation omitted). Rather, the district judge has discretion, but is not required, to consider evidence and arguments raised for the first time in an objection to the magistrate's R&R. *Id.* at 621-22. The Court could decline to consider these objections because Petitioner had a previous opportunity to raise the arguments but failed to do so. Nevertheless, Petitioner's equitable tolling arguments fail on their merits for the following reasons.

**1.   Lack of law library.**

Petitioner contends that "in the [ADOC] there is no longer a law library in order to adequately research and prepare" a habeas petition and that this absence merits equitable tolling. Dkt. #15 at 2. The R&R correctly points out that Petitioner's habeas petition did "not identif[y] any potential basis of equitable tolling." Dkt. #12 at 7. Petitioner raises this argument for the first time in his objections and presents no evidence, only the bare assertion that the ADOC has no law library. Dkt. #1; Dkt. #15 at 2. As Respondents correctly note, Petitioner's own state PCR filings belie the claim that lack of adequate legal materials prevented the timely filing of his habeas petition: in a motion seeking leave to file his third PCR petition late, Petitioner refers to a two-week closure of the prison library in November and December 2005, and cites this two-week closure – not an utter lack of any library – as an impediment to timely filing. Dkt. #16 at 3-4; Dkt. #10-3 at Ex. O. Moreover, even if Petitioner's assertion is assumed to be true – that "there is *no longer* a law library," Dkt. #15

- 6 -

at 2 (emphasis added) – the fact that the ADOC presently provides inadequate access to legal materials does not support the proposition that a lack of legal resources during the AEDPA limitation period was an extraordinary circumstance that prevented the timely filing of his habeas petition.

### 2. Pro se status.

Petitioner advances his pro se status and the Court's failure to appoint counsel as a secondary basis for equitable tolling. Dkt. #15 at 2. "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) (pro se status alone is insufficient to trigger equitable tolling) (citing *Johnson v. United States*, 544 U.S. 295, 311 (2005)). Petitioner is not entitled to equitable tolling merely because he is proceeding pro se.

### 3. Lack of AEDPA reference materials.

Petitioner also asserts that the prison's failure to acquire reference materials concerning the AEDPA until January 2002 is an extraordinary circumstance warranting equitable tolling. Dkt. #15 at 5. Petitioner's 2003 conviction, however, occurred over a year after the time at which Petitioner concedes the prison acquired AEDPA reference materials. Dkt. #15 at 5. Petitioner has made no claim and has presented no evidence that the prison lacked AEDPA reference materials after his conviction. *See* Dkt. #15. The prison's lack of a copy of the AEDPA a year prior to Petitioner's conviction is not an extraordinary circumstance impeding the timely filing of Petitioner's federal habeas petition.

**IT IS ORDERED:**

1. Magistrate Judge Jacqueline Marshall's R&R (Dkt. #12) is **accepted**.
2. Petitioner's petition for writ of habeas corpus (Dkt. #1) is **denied**.
3. The Clerk of Court is directed to **terminate** this action.

DATED this 26th day of June, 2009.

_____
David G. Campbell
United States District Judge